UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOCIMA MARIA BARRAGAN,<br><br>                              Plaintiff,<br><br>v.<br><br>IRENE SHERWOOD et al.,<br><br>                              Defendants. | Case No.:  23-CV-1255-CAB-BGS<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. Nos. 2, 3] |

On July 6, 2023, Plaintiff Zocima Maria Barragan filed a complaint [Doc. No. 1] and a request for appointment of counsel [Doc. No. 3]. Plaintiff did not prepay the filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, she filed a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2].

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). However, under 28 U.S.C. § 1915(a), the Court may authorize the commencement, prosecution, or defense of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP

application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness, and certainty." *Id.* (internal quotations omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v. Meyers,* 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

According to her application, Plaintiff has an after-tax bi-weekly income of $1,500 [Doc. No. 2-1 at 2], meaning her after-tax monthly income exceeds $3,000, while her expenses are only $2,068.81 per month [Doc. No. 2 at 5]. Plaintiff also owns a relatively new automobile and has over $1,500 in savings. [Doc. No. 2 at 2-3.] Based on the information provided, the Court is not persuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234.

In light of the foregoing, Plaintiff's application to proceed IFP [Doc. No. 2] and request for appointment of counsel [Doc. No. 3] are **DENIED.** Plaintiff must pay the filing fee no later than **July 31, 2023** or her complaint will be dismissed without prejudice.

It is **SO ORDERED**.

Dated: July 7, 2023

Hon. Cathy Ann Bencivengo
United States District Judge